UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESEAN BERRY a/k/a SEAN BERRY, | : | |
| Individually and on Behalf of All Other | : | |
| Persons Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | COMPLAINT |
| -against- | : | and |
| | : | JURY DEMAND |
| HOOTERS OF AMERICA, LLC, | : | |
| HOA SYSTEMS, LLC. and HI LIMITED | : | |
| PARTNERSHIP, | : | |
| | : | |
| Defendants. | : | |

## INTRODUCTION

Plaintiff Desean Berry a/k/a Sean Berry (hereafter, "Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendants Hooters of America, LLC, HOA Systems, LLC, and HI Limited Partnership (collectively, "Defendants" or "Hooters"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiff brings this case individually and as a collective action on behalf of Assistant Managers and similarly situated current and former employees holding comparable positions but different titles internally classified by Defendants as "exempt" from the overtime requirements of the FLSA, including but not limited to Hospitality Managers, Front-of-the-House Managers, Kitchen Managers and Back-of-the-House Managers (collectively, "AMs"), employed by Defendants in the United States at Hooters' company-owned restaurants[1] (collectively the "Similarly Situated Employees") who elect to opt into this action pursuant to the FLSA (hereinafter the "Collective Action Members"). Plaintiff on behalf of the Collective Action Members claim that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek; and (ii) liquidated damages.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Defendants are subject to personal jurisdiction in the State of Georgia.

---

[1]      As used in this Complaint, "company-owned" refers to Hooters locations owned and operated by Defendants, as opposed to Hooters restaurants operated as Hooters' franchises.

4.     The claims of the Plaintiff and Collective Action Members involve matters of national and/or interstate interest.

5.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff*

7.     Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in Katy, Texas.

8.     Plaintiff was employed by Defendants from in or about January 2012 until May 2015, as an AM at Defendants' location in Houston, Texas.

9.     At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendants*

10.     Upon information and belief, Defendant Hooters of America LLC is a Georgia limited liability company with its principal place of business at 1815 The Exchange SE, Atlanta, Georgia 30339 within this judicial district.

11.     Upon information and belief, Defendant HOA Systems, LLC. is a Delaware limited liability company with its principal place of business at 1815 The Exchange SE, Atlanta, Georgia 30339 within this judicial district.

12.     Upon information and belief, Defendant HI Limited Partnership is a Florida limited partnership with its principal place of business at 1815 The Exchange SE, Atlanta, Georgia 30339 within this judicial district.

13.     Defendants are an Atlanta-based chain and operator of casual beach-themed restaurants in the bar and grill segment of the casual dining industry.

14.     According to their website, Defendants operate approximately 160 corporate owned units throughout the country, with revenue of approximately $260.98 million annually.

15.     At all relevant times, Defendants have employed Plaintiff and the Similarly Situated Employees within the meaning of the FLSA and were engaged in commerce or the production of goods for commerce.

16.     Defendants issued paychecks to Plaintiff and all Similarly Situated Employees during their employment.

17.     Defendants are each covered employers within the meaning of the FLSA.  Defendants have been, and continue to be, enterprises engaged in

commerce or the production of goods for commerce within the meaning of the FLSA.

18.     Upon information and belief Defendants had annual gross revenues in excess of $500,000 for all relevant periods herein.

19.     Each Defendant employed or acted in the interest of an employer towards Plaintiff and the Similarly Situated Employees, directly or indirectly, and jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and the Similarly Situated Employees.  Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or Defendants operate as joint employers within the meaning of the FLSA, and/or Defendants were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and the Collective Action Members to be subject to the unlawful pay practices described in this Complaint.

## FACTUAL ALLEGATIONS

20.     Defendants employed Plaintiff and the Similarly Situated Employees as AMs.

21.    Defendants maintain control, oversight, and discretion over the operation of their restaurants including their employment practices with respect to Plaintiff and the Similarly Situated Employees. Defendants assigned all of the work that Plaintiff and the Similarly Situated Employees have performed, and Defendants are aware of all the work that Plaintiff and the Similarly Situated Employees have performed.

22.    Plaintiff's and the Similarly Situated Employees' work as AMs was performed in the normal course of Defendants' business and was integrated into it.

23.    This work required little skill and no capital investment.  Nor did it primarily include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

24.    Throughout any time beginning three years prior to the date of filing this Complaint to the entry of judgment in this case (the "Collective Action Period"), Plaintiff and the Similarly Situated Employees performed the same primary job duties: greeting customers, waiting on customers, expediting food orders, serving customers, preparing and cooking food, clearing tables, setting tables, and cleaning the restaurant.

25.    Throughout the Collective Action Period, the primary job duties of Plaintiff and the Similarly Situated Employees did not include: hiring, firing,

disciplining, directing the work of other employees, and exercising meaningful independent judgment and discretion.

26.     The primary job duties of Plaintiff and the Similarly Situated Employees did not materially differ from the duties of non-exempt hourly paid employees.  The primary job duties of Plaintiff and the Similarly Situated Employees included tasks that were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and Similarly Situated Employees' working hours.

27.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiff and all of the Similarly Situated Employees as exempt from the overtime provisions of the FLSA.

28.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the Similarly Situated Employees regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA.  By way of non-exhaustive example, Plaintiff worked more than 40 hours during the weeks of March 23, March 30, April 6 and April 13, 2015.

29.     Defendants suffered, permitted and directed the work of Plaintiff and the Similarly Situated Employees, and benefited from such work.

30.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

31.     Upon information and belief, Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiff and the Similarly Situated Employees worked.  Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each restaurant.  Defendants knew, or recklessly disregarded the fact, that failing to provide sufficient resources in labor budgets resulted in Plaintiff and the other Similarly Situated Employees (who were not paid overtime) having to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties, without receiving overtime compensation.  This failure to provide sufficient resources in labor budgets allowed Defendants to avoid paying additional wages (including overtime) to their non-exempt employees.

32.     Based on their authorized agents' observations that Plaintiff and other Similarly Situated Employees were performing primarily manual labor and non-exempt duties, and also because Defendants are an experienced restaurant operator maintaining restaurants throughout the country, Defendants were aware, or recklessly disregarded the fact, that by underfunding the labor budgets for

8

restaurant locations, Plaintiff and other Similarly Situated Employees were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted knowingly or recklessly in failing to classify Plaintiff and other Similarly Situated Employees as non-exempt employees.

33.     Defendants' unlawful conduct as described above, was knowing and/or in reckless disregard of the applicable wage and hour laws and performed pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

34.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff and the Similarly Situated Employees.  As a result of Defendants' policy, pattern, and/or practice, Defendants have:

     a.  willfully misclassified Plaintiff and the Similarly Situated Employees as exempt from the overtime requirements of the FLSA;

b. willfully failed to pay Plaintiff and the Similarly Situated Employees overtime wages for hours they worked in excess of 40 hours per week; and

c. willfully failed to provide enough money in their labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their AMs internally classified by Defendants as exempt to perform such non-exempt tasks.

35.    Defendants' willful violations of the FLSA are further demonstrated by the fact that during the Collective Action Period, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Similarly Situated Employees.  Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Similarly Situated Employees to record all hours worked.

36.    Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the Similarly Situated Employees in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

37.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all Similarly Situated Employees who become Collective Action Members who were employed by Defendants within the Collective Action Period.

38.     Defendants are liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and other Similarly Situated Employees.

39.     There are many Similarly Situated Employees who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Similarly Situated Employees pursuant to 29 U.S.C. § 216(b).

40.     The Similarly Situated Employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION:
## (FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)

41.     Plaintiff, on behalf of himself and the Similarly Situated Employees who become Collective Action Members, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

42.   At all relevant times, Defendants employed Plaintiff, and employed or continues to employ, each of the Similarly Situated Employees within the meaning of the FLSA.

43.   Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

44.   Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached Consent filed with this Complaint.

45.   The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendants.

46.   At all relevant times, Defendants have engaged in a policy and practice of refusing to pay overtime compensation to Similarly Situated Employees for hours worked in excess of 40 hours per workweek.

47.   As a result of Defendants' willful failure to compensate Plaintiff and the Similarly Situated Employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated the FLSA, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.   As a result of Defendants' willful failure to record, report, credit, and/or compensate Plaintiff and the Similarly Situated Employees, Defendants have failed to make, keep and preserve records with respect to Plaintiff and

Similarly Situated Employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§ 211(c) and 215(a).

49.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their restaurants, Defendants knew, or recklessly disregarded the fact, that Plaintiff and the Similarly Situated Employees were primarily performing manual labor and non-exempt tasks.

51.    Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA and specifically 29 U.S.C. § 255(a) based on (but not limited to) the following: (a) Defendants' failure to provide enough labor budget funds; (b) Defendants' failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Similarly Situated Employees; (c) Defendants' actual knowledge, through their agents, that the primary duties of Plaintiff and the Similarly Situated Employees was manual labor and other non-exempt tasks; (d) Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Similarly Situated Employees' job duties to ensure that they were performing exempt job duties; (e) Defendants' instituting a policy and

13

practice that did not allow Plaintiff and the Similarly Situated Employees to record all hours worked; and (f) Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements. As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Similarly Situated Employees who become Collective Action Members, is entitled to recover from Defendants, jointly or severally:  (a) unpaid overtime wages for all of the hours worked in excess of 40 in a workweek; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Similarly Situated Employees and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Similarly Situated Employees, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by

filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

d. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of post-judgment interest;

g.      An award of costs and expenses of this action together with

reasonable attorneys' fees, and an award of a service payment to

Plaintiff; and

h.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all

questions of fact raised by the Complaint.


Dated:      July 18, 2016                  By: *s/ C. Andrew Head*
                                           C. Andrew Head
                                           Georgia Bar No. 341472
                                           Jerilyn E. Gardner
                                           Georgia Bar No. 139779
                                           Head Law Firm, LLC
                                           1170 Howell Mill Rd., NW, Suite 305
                                           Atlanta, Georgia 30318
                                           Telephone: (404) 924-4151
                                           Facsimile: (404) 796-7338
                                           Email: ahead@headlawfirm.com;
                                                   jgardner@headlawfirm.com

                                           Seth R. Lesser*
                                           Fran L. Rudich*
                                           Michael H. Reed*
                                           KLAFTER OLSEN & LESSER LLP
                                           Two International Drive, Suite 350
                                           Rye Brook, NY 10573
                                           Telephone: (914) 934-9200
                                           Facsimile: (914) 934-9220

                                           Gregg I. Shavitz*

16

Paolo C. Meireles*
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiff and Collective
Action Members*

* *Pro hac vice* motion to be filed